■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT HATCHET, Appellant.— Appeal from a judgment of the County Court, Kings County, rendered on January 18, 1951, convicting appellant of robbery in the second degree, from the sentence of twenty years to life as a fourth felony offender, from intermediate orders, and from an order of said court denying his application in the nature of a writ of error *coram nobis to* vacate said judgment appealed from. Appeal from judgment of conviction dismissed. The notice of appeal, dated September 26, 1955, seeks to review a judgment of conviction rendered January 18, 1951, and intermediate orders therein made. An appeal from a judgment of conviction must be taken within thirty days after the judgment is rendered. (Code Crim. Pro., § 521.) Order in the nature of *coram nobis* reversed, judgment vacated, and matter remitted to the County Court, for further proceedings not inconsistent herewith. The 1932 conviction of appellant in the State of Florida, one of the three prior convictions upon which his sentence as a fourth felony offender was predicated, was entered on a plea of guilty to an information charging that he had broken and entered a store building with intent to commit a misdemeanor therein, an act which would be a felony if committed in New York (Penal Law, §§ 2, 404, 407). However, the pertinent Florida statute (Florida Statutes Annotated, § 810.05) expressly applies to "Who[m]ever breaks and enters or enters without breaking * * * any building * * * with intent to commit a misdemeanor". Since entry without breaking is a misdemeanor in this State (Penal Law, § 405), the 1932 conviction in Florida is not a conviction of a crime which, if committed in this State, would be a felony under sections 1941–1943 of the

Penal Law (*People* v. *Olah,* 300 N. Y. 96; *People ex rel. Marsh* v. *Martin,* 308 N. Y. 823; *People* v. *Kronick,* 308 N. Y. 866), and appellant was improperly sentenced as a fourth felony offender. The 1936 conviction of appellant in the State of Florida was entered on a plea of guilty of breaking and entering a store building with intent to commit a felony therein. It does not appear that, under the pertinent Florida statute (Florida Statutes Annotated, § 810.02), a conviction could be had upon a showing of entry alone, without breaking. Since every breaking and entry is a felony if committed in this State (Penal Law, §§ 402–404, 407), the 1936 conviction was properly counted as a prior felony conviction (Penal Law, §§ 1941–1943). Nolan, P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.